

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2009

# Richard S. v. Wissahickon Sch Dist

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3568

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Richard S. v. Wissahickon Sch Dist" (2009). *2009 Decisions*. Paper 1211.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1211

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3568
_____

RICHARD S., and his parents, Enrico and Patricia S.;
ENRICO S.;  PATRICIA S., Adults,
Individually, and on their own behalf.

v.

THE WISSAHICKON SCHOOL DISTRICT

Richard S., a minor, by and through his parents and natural guardians,
Enrico S. and Patricia S., and Enrico S. and Patricia S.,
individually and on their own behalf.
                                         Appellants

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No.2- 05-cv-01284)
District Judge:  Honorable Bruce W. Kauffman

_____

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2009

Before:  RENDELL, STAPLETON and ALARCÓN*, Circuit Judges

(Filed: June 09, 2009)

_____

*Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for
the Ninth Circuit, sitting by designation.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Appellants Enrico and Patricia S., on behalf of their son Richard S., claim that Appellee Wissahickon School District (the "District") violated the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"), by failing to timely identify Richard's disabilities, and by failing to provide a free appropriate public education ("FAPE") after he had been diagnosed.[1]  In state administrative proceedings, Appellants had prevailed on the identification issue but the District had prevailed on the post-diagnosis issue.  Upon review of these rulings, the District Court for the Eastern District of Pennsylvania decided both issues against Appellants, and granted a motion by the District for judgment on the administrative record and for summary judgment.  Appellants challenge the resulting order on appeal.[2]  Because the District Court's factual findings were not clearly erroneous, we will affirm.

---

[1] Appellants also allege violations of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("§ 504").  Whereas the IDEA establishes affirmative duties for agencies that educate disabled students while receiving IDEA funds, § 504 more generally prohibits discrimination against disabled persons under federal programs.  We agree with the District Court that Appellants' § 504 and IDEA claims are factually indistinguishable, and the resolution of the IDEA claim is therefore also dispositive of the § 504 claim.

[2] The District Court's order also disposed of a claim by Appellants under 42 U.S.C. § 1983.  Appellants did not raise this matter in their brief, and have accordingly waived the issue.  *Hoxha v. Holder*, 559 F.3d 157, 162-63 (3d Cir. 2009).

We write for the benefit of the parties, and only briefly summarize the relevant facts. In 1994, while Richard was in second grade, the District evaluated him and concluded that it was possible that Richard had attention deficit hyperactivity disorder ("ADHD"). However, the district found no discrepancy between Richard's ability and achievement, and did not place him in special education. Richard earned good grades until the seventh and eighth grades, when his academic performance declined. This decline was accompanied by frequent absences and Richard's failure to turn in assignments.

In 2001, at the end of Richard's eighth grade year, Appellants requested another evaluation. Richard was diagnosed with ADHD and a math disorder that fall. From January 2002 to April 2004, the District developed several successive individual education programs ("IEP") for him. Richard's performance continued to decline, and he withdrew from school in September 2004.

Appellants initiated an administrative review of the District's actions in 2003. After a series of proceedings, the Special Education Appeals Panel ("Appeals Panel") reversed a prior ruling and concluded that the District failed to timely identify Richard for special education, and thus failed to provide him a FAPE for the 1999-2000 and 2000-2001 school years. The panel awarded Richard a full compensatory education for those years. However, the Appeals Panel also reversed another ruling by concluding that the District had provided a FAPE for the 2002-2003 and 2003-2004 school years.

Appellants brought an action in the District Court effectively seeking reversal of the Appeals Panel's denial of a compensatory education for the 2002-2004 period. The District filed a counterclaim seeking reversal of the award of a compensatory education for the 1999-2001 period. The District Court decided both issues against Appellants, and granted a motion by the District for judgment on the administrative record and for summary judgment.

The District Court had jurisdiction pursuant to 20 U.S.C. § 1415(i)(3)(A), and we have jurisdiction to review its final order pursuant to 28 U.S.C. § 1291. *Lauren W. v. Deflaminis*, 480 F.3d 259, 265 (3d Cir. 2007). A district court considering an IDEA claim makes its own findings under a "modified de novo" standard, whereby it affords "due weight"to the administrative findings. *Id.* at 266. We exercise plenary review of a district court's legal conclusions, but review the court's factual findings for clear error. *Id.*

The IDEA requires a state or local agency receiving federal assistance to provide all disabled students a FAPE. 20 U.S.C. § 1412(a). Agencies have an affirmative duty to identify and evaluate children with disabilities under the IDEA's "child find" provisions. 20 U.S.C. § 1412(a)(3). A student's "education must be tailored to the unique needs of the disabled student through an [IEP]." *Ridgewood Bd. of Educ. v. N.E.*, 172 F.3d 238, 247 (3d Cir. 1999). An IEP must be "reasonably calculated to enable the child to receive educational benefits." *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206-207 (1982). The

4

benefits must be "meaningful," and the assessment of an IEP requires "a student-by-student analysis that carefully considers the student's individual abilities." *Ridgewood*, 172 F.3d at 247-48. A student who was deprived of a FAPE is entitled to a compensatory education. *Id.* at 249-250. The "right to compensatory education accrues when the school knows or should know that the student is receiving an inappropriate education." *Id.* at 250.

Appellants argue that the District knew or should have known of Richard's disabilities by 1999, and should have entered him in special education during the school years starting in 1999 and 2000. Appellants argue that the District Court erred by focusing only an ability/achievement analysis to determine that there was no evidence of a learning disability at the relevant time, without considering potential emotional disturbances or an "other health impairment," i.e. ADHD, which also would have necessitated special education.

However, the record demonstrates that the District Court considered more than Richard's academic ability and achievement. The District Court quoted and credited the hearing officer's conclusion, predicated on testimony by Richard's teachers, that Richard was not "a student who had problems with attention, impulsivity, or hyperactivity" during the relevant period. (App. 9a.) Indeed, the District Court pointed to extensive evidence in the record that, in the seventh and eighth grades, Richard was perceived by professional educators to be an average student who was making meaningful progress,

but whose increasing difficulty in school was attributable to low motivation, frequent absences, and a failure to complete homework. We find no clear error in the District Court's decision to credit the hearing officer and find that the District did not violate its child find obligations during Richard's seventh and eighth grade school years.

Appellants also argue that the District Court erred by concluding that Richard had received a FAPE during the school years starting in 2002 and 2003, after Richard's disabilities had been identified. Appellants contend that District Court erred by ignoring evidence that the IEPs for Richard were inadequate, and by placing the "blame" for these inadequacies on Richard and his parents. However, the District Court pointed to ample evidence in the record that numerous education professionals in the District met frequently on Richard's behalf, and developed successive IEPs that were specifically tailored to address his disabilities and maximize his learning potential. While it is clear that Richard continued to struggle in school until he withdrew, there is also ample evidence that the District was forced to alter its plans when Richard or Appellants refused to accept recommended support services. The District engaged the assistance of a psychiatrist in 2003, who evaluated Richard and concluded that "resistance to any intervention or treatment [was] a primary component of his illness or disability." (App. 1328a.) Based on the record before us, we conclude that the District Court did not clearly err in finding that the IEPs developed by the District were reasonably calculated to

6

provide Richard a meaningful educational benefit.[3]

For these reasons, we will AFFIRM the order of the District Court.

---

[3]Appellants argue that the District Court applied the wrong standard in concluding that the IEPs were reasonably calculated to enable Richard to receive educational benefits. Appellants contend that the IEPs must be reasonably calculated to provide meaningful educational benefits. Assuming *arguendo* that the District Court did apply an incorrect legal standard, the evidence on which the District Court relied "amply satisfies" the meaningful benefit test. *See T.R. v. Kingwood Twp. Bd. of Educ.*, 205 F.3d 572, 577 (3d Cir. 2000).